O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THELMA J. NICHOLS, | ) | Case No. CV 12-9922-OP |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| CAROLYN W. COLVIN,[1] | ) | |
| Acting Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |

The Court[2] now rules as follows with respect to the disputed issue listed in the Joint Stipulation ("JS").[3]

---

[1] Carolyn W. Colvin, the current Acting Commissioner of Social Security, is hereby substituted as the Defendant herein. See Fed. R. Civ. P. 25(d)(1).

[2] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (ECF Nos. 7, 9.)

[3] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined
(continued...)

1

# I.

## DISPUTED ISSUE

As reflected in the Joint Stipulation, the disputed issue raised by Plaintiff as the ground for reversal and/or remand is whether the Administrative Law Judge ("ALJ") properly considered Plaintiff's testimony regarding manipulative limitations. (JS at 4.)

# II.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Perales, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

---

[3](...continued)
which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g). (ECF No. 6 at 3.)

# III.

# DISCUSSION

**A.    The ALJ's Findings.**

The ALJ found that Plaintiff has the following severe impairments:  mild lumbar spine degenerative disc disease, and atypical chest pain.  (Administrative Record ("AR") at 26.)

The ALJ concluded that Plaintiff retains the residual functional capacity ("RFC") to perform a full range of medium work.  (Id. at 27.)

Relying on the Medical-Vocational Guidelines, the ALJ determined that Plaintiff has not been under a disability as defined by the Social Security Act.  (Id. at 29.)

**B.    The ALJ Failed to Properly Evaluate Plaintiff's Credibility.**

At the hearing, Plaintiff testified that she quit her job because of pain in both hands.  (Id. at 69-73.)  She stated that the pain is worse in her left hand than her right, and that the pain goes up to her left arm and shoulder.  (Id. at 70.)  She also testified that her medication (Vicodin and Soma) helps her for a little while, but after it wears off the pain returns; she can no longer braid hair because her hands are "messed up"; and she can sit for about one hour before stretching and rubbing her bones due to pain.  (Id. at 69-75).)  The ALJ observed that Plaintiff's left middle finger was crooked "a little bit" and appeared swollen.  (Id. at 78.)  Plaintiff testified that the joint was not swollen, but it had previously been broken and healed that way because "they didn't fix it right."  (Id.)  When asked to push down on the finger, she testified that it hurt "[a] little" to do so.  (Id.)  She also stated that she is unable to straighten that finger.  (Id. at 78-79.)

On April 15, 2010, Adi Klein, M.D., performed an internal medicine consultative examination.  (Id. at 152-61.)  Dr. Klein noted that Plaintiff could not extend her left third finger completely due to a PIP (proximal interphalangeal)

3

1  joint injury from a prior trauma.[4] (Id. at 157.) Dr. Klein also noted arthritis in that

2  joint. (Id.)

3        Plaintiff contends the ALJ failed to articulate clear and convincing reasons

4  for rejecting Plaintiff's pain and limitation testimony. (JS at 5.) Specifically,

5  Plaintiff states that the ALJ's boilerplate language that Plaintiff's statements

6  concerning the intensity, persistence, and limiting effects of her symptoms were

7  not credible to the extent they were inconsistent with the RFC, does not amount to

8  a clear and convincing reason to reject her testimony. (Id. at 6-7.) Plaintiff also

9  argues that although the ALJ "reasoned the objective medical evidence does not

10  adequately support" Plaintiff's allegations of pain, a lack of objective medical

11  evidence alone is not enough to discount pain testimony. (Id. at 7.) Plaintiff notes

12  that the ALJ also rejected Plaintiff's testimony because "she did not ingest

13  medications," although Plaintiff testified she takes Vicodin and Soma to alleviate

14  her pain. (Id. at 7-8 (citing AR at 28, 73).) Moreover, although Plaintiff states

15  that the ALJ took issue with Plaintiff's ability to perform certain daily activities

16  without assistance, she contends that "evidence that a claimant can participate in

17  basic human function 'is not determinative of disability.'" (Id. at 8 (citing

18  Magallanes v. Bowen, 881 F.2d 747, 756 (9th Cir. 1989).) Plaintiff concludes that

19  the "records establish that [Plaintiff] would be precluded from medium work

20  because of her left hand deformity," because objective and subjective evidence

21  established that she would have "limitations in her left hand due to a deformity."

22  (Id. (citing AR at 78-79, 157-58).)

23        Plaintiff also contends that Dr. Klein's findings allegedly showing

24  limitations in bending, stooping, and shoulder flexion, would place her

25  "somewhere between two contradictory guidelines," and, therefore, it was error for

26

27     [4] The PIP, or proximal interphalangeal joint, is the finger joint closest to the

28  knuckle.

4

1    the ALJ not to request the assistance of a vocational expert. (Id. at 8-9.)

2        **1.    Legal Standard.**

3            An ALJ's assessment of pain severity and claimant credibility is entitled to

4    "great weight." Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v.

5    Heckler, 779 F.2d 528, 531 (9th Cir. 1986).  When, as here, an ALJ's disbelief of a

6    claimant's testimony is a critical factor in a decision to deny benefits, the ALJ

7    must make explicit credibility findings.  Rashad v. Sullivan, 903 F.2d 1229, 1231

8    (9th Cir. 1990); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981); see also

9    Albalos v. Sullivan, 907 F.2d 871, 874 (9th Cir. 1990) (an implicit finding that

10   claimant was not credible is insufficient).

11           Once a claimant has presented medical evidence of an underlying

12   impairment which could reasonably be expected to cause the symptoms alleged,

13   the ALJ may only discredit the claimant's testimony regarding subjective pain by

14   providing specific, clear, and convincing reasons for doing so.  Lingenfelter v.

15   Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007).  An ALJ's credibility finding

16   must be properly supported by the record and sufficiently specific to ensure a

17   reviewing court that the ALJ did not arbitrarily reject a claimant's subjective

18   testimony.  Bunnell v. Sullivan, 947 F.2d 341, 345-47 (9th Cir. 1991).  An ALJ

19   may properly consider "testimony from physicians . . . concerning the nature,

20   severity, and effect of the symptoms of which [claimant] complains," and may

21   properly rely on inconsistencies between the claimant's testimony and the

22   claimant's conduct and daily activities.  See, e.g., Thomas v. Barnhart, 278 F.3d

23   947, 958-59 (9th Cir. 2002) (citation omitted).  An ALJ also may consider "[t]he

24   nature, location, onset, duration, frequency, radiation, and intensity" of any pain or

25   other symptoms; "[p]recipitating and aggravating factors"; "[t]ype, dosage,

26   effectiveness, and adverse side-effects of any medication"; "[t]reatment, other than

27   medication"; "[f]unctional restrictions"; "[t]he claimant's daily activities";

28   "unexplained, or inadequately explained, failure to seek treatment or follow a

1   prescribed course of treatment"; and "ordinary techniques of credibility

2   evaluation," in assessing the credibility of the allegedly disabling subjective

3   symptoms. Bunnell, 947 F.2d at 346-47; see also Soc. Sec. Ruling 96-7p; 20

4   C.F.R. 404.1529 (2005); Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595,

5   600 (9th Cir. 1999) (ALJ may properly rely on plaintiff's daily activities, and on

6   conflict between claimant's testimony of subjective complaints and objective

7   medical evidence in the record); Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir.

8   1998) (ALJ may properly rely on weak objective support, lack of treatment, daily

9   activities inconsistent with total disability, and helpful medication); Johnson v.

10  Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995) (ALJ may properly rely on the fact

11  that only conservative treatment had been prescribed); Orteza v. Shalala, 50 F.3d

12  48, 750 (9th Cir. 1995) (ALJ may properly rely on claimant's daily activities and

13  he lack of side effects from prescribed medication).

14       **2.    Analysis.**

15       With respect to Plaintiff's credibility, the ALJ made a number of findings:

16  (1) the objective medical evidence did not support her allegations; (2) Plaintiff

17  admitted she had not been taking her prescribed medications, does not regularly

18  use strong medication to alleviate her pain, and there is no evidence of any

19  medication side effects; and (3) Plaintiff cares for herself and reported self-

20  employment braiding hair out of her home and babysitting. (AR at 28.)

21       The ALJ concluded that the "near total lack of [medical] evidence and

22  [Plaintiff's] description of her self-employment and daily living activities,"[5] led

23  him to the conclusion that Plaintiff is not credible. (Id. at 28-29.)

24

25  ──────────────

26       [5] Plaintiff reported to Dr. Klein that up until March 2010, she had been self-
    employed, braiding hair out of her home. (AR at 27 (citing id. at 152-53, 154).)
27  At the March 3, 2011, hearing she testified that she had stopped doing any hair
    braiding about a year before that. (Id. at 71.)
28

1          a.   **Objective Medical Evidence**.

2          The ALJ stated there was no documentary evidence to support Plaintiff's

3   allegations, and the record contained only "sparse medical evidence," showing no

4   more than "highly infrequent medical visits, usually to address transitory

5   problems." (Id. at 28.) He found no evidence of any hospitalizations, regular

6   outpatient care, physical therapy, or pain management; noted that x-rays show no

7   more than "minimal problems or changes"; and found no diagnostic evidence to

8   support Plaintiff's allegations of "significant fractures or orthopedic problems."

9   (Id.) The ALJ noted that Plaintiff performed well during Dr. Klein's examination

10  and showed no significant deficits of movement or neurological functioning. (Id.)

11  He gave great weight to consulting examiner Dr. Klein's findings, terming Dr.

12  Klein's report "the only substantial medical evidence available." (Id. at 29.) The

13  Court does not agree.

14         To the extent the ALJ relied on the fact that the objective medical evidence

15  does not support Plaintiff's alleged severity of symptoms, although a lack of

16  objective medical evidence may not be the sole reason for discounting a plaintiff's

17  credibility, it is nonetheless a legitimate and relevant factor to be considered.

18  Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

19         In this case, after the hearing, Plaintiff submitted records from her treating

20  physician dated from February 2010 through November 2010. (AR at 170-86.)

21  With regard to these records, the ALJ's decision specifically references only a

22  November 2010 x-ray report regarding Plaintiff's complaint of a broken left toe.[6]

23  (Id. at 26 (citing id. at 171, 178).)

24         However, although most of these handwritten treatment notes are virtually

25  illegible, a careful review seems to indicate that Plaintiff regularly complained of

26  pain in various body parts (see, e.g., id. at 177 (referencing generalized pain in

27  _____

28    [6] The x-ray showed that the toe was not broken.

1  what appears to be either the neck, back, and/or body); 176 (pain in both hands);
2  174 (bones hurting worse, muscle spasms)); 173 (follow up on body ache); 172
3  (generalized body ache); 171 (broken left toe)).  Between February and November
4  2010, there are five recorded visits to the treating physician, and she also
5  underwent additional lab tests, including ultrasound, blood tests, a mammogram,
6  urinalysis, and an x-ray. (Id. at 170-86.)

7       Based on the foregoing, the Court does not agree that the medical evidence
8  is "very sparse" or that it shows "no more than highly infrequent medical visits,
9  usually to address transitory problems."  Given the treating physician records
10 produced after the hearing, the Court also does not agree that Dr. Klein's
11 examination is the only "substantial medical evidence available."  Thus, this was
12 not a clear and convincing reason for discounting Plaintiff's credibility.[7]

13          **b.    Medications.**

14      The ALJ's decision noted that Plaintiff "reported taking Vicodin and Soma
15 for pain." (Id. at 28.)  However, the ALJ also stated that "by her own admission"
16 Plaintiff had not been taking her prescribed medications.  (Id.)  The ALJ also
17 found "no credible evidence of regular usage of strong medication to alleviate pain
18 that would significantly impair" Plaintiff's ability to do basic work activities, and
19 no evidence of "any significant side effects."  (Id.)

20      The Court is unable to find any admission by Plaintiff that she did not take

---

22  [7]  The ALJ discounted Plaintiff's credibility based at least in part on the fact
23 that the medical opinion of the consulting examiner did not support Plaintiff's
24 claimed limitations.  Although a lack of objective medical evidence may not be the
sole reason for discounting a plaintiff's credibility, it is nonetheless a legitimate
25 and relevant factor to be considered. Rollins, 261 F.3d at 857.  However, because
26 the Court finds that the ALJ's other reasons for discounting Plaintiff's credibility
27 were not clear and convincing, leaving the findings of Dr. Klein to be the only
"clear" reason given, the Court also finds that the ALJ failed to properly consider
28 Plaintiff's credibility.

8

1 | any of her prescribed pain medications.[8]  In fact, the opposite appears to be true as
2 | she testified that she not only takes Soma and Vicodin for pain, she also reported
3 | taking medications for diabetes, high blood pressure, acid reflux, arthritis, and
4 | gout. (Id. at 83-84.)  Indeed, Dr. Klein reported fifteen different medications taken
5 | by Plaintiff. (Id. at 153.)  Moreover, one of the treating physician's treatment
6 | notes appears to contain a reference that Plaintiff needs a muscle relaxer. (See id.
7 | at 174.)  However, because the notes are virtually illegible, it is extremely difficult
8 | to determine if any changes were made to Plaintiff's medications during this
9 | period to address her pain.

10 |       Based on the foregoing, the Court does not find this to be a clear and
11 | convincing to discount Plaintiff's credibility.

12 |              c.    **Activities of Daily Living and Self-Employment.**

13 |       In his decision, the ALJ first notes that Plaintiff testified "she is no longer
14 | able to braid hair or engage in babysitting work."[9]  (Id. at 28.)  The ALJ then states
15 | that Plaintiff "is capable of caring for herself and reported working for many years
16 | out of her home braiding hair."  (Id.)  The ALJ concludes that "her description of
17 | her self-employment and daily living activities lead the undersigned to conclude
18 | that the claimant is not credible."  (Id. at 29.)

19 |

20 |       [8] Dr. Klein did note that although Plaintiff had been given nitroglycerin
21 | because she had "multiple episodes of small amounts of chest pain," she had never
22 | used the nitroglycerin.  (AR at 153.)

23 |       [9] The Court notes some confusion and ambiguity both in the record and in
24 | the ALJ's decision regarding Plaintiff's "self-employment."  Although Plaintiff
25 | clearly testified that she stopped braiding hair in approximately March 2010 (AR
   | at 71-72; see also id. at 152-53), she also testified that she babysits her "grandkids
26 | or family member's kids that don't have a babysitter," and that sometimes she
27 | babysits two at a time. (Id. at 72.)  It appears from this testimony that she may still
   | have been "self-employed" as a babysitter at the time of the hearing on March 3,
28 | 2011, despite the ALJ's statement to the contrary.

9

1    Thus, despite stating that as of the March 3, 2011, hearing date Plaintiff no
2    longer braids hair or engages in babysitting work, the ALJ nevertheless concluded
3    that Plaintiff's description of her self-employment and daily living activities
4    contributed to his discounting her credibility.  Given this ambiguity, the Court
5    does not find the ALJ's reasoning to be clear and convincing.

6    **C.    This Case Should Be Remanded for Further Proceedings.**

7    The law is well established that the decision whether to remand for further
8    proceedings or simply to award benefits is within the discretion of the Court.  See,
9    e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister, 888 F.2d at
10   603; Lewin, 654 F.2d at 635.  Remand is warranted where additional
11   administrative proceedings could remedy defects in the decision.  Lewin, 654 F.2d
12   at 635.

13   The Court finds that the ALJ committed legal error by not providing clear
14   and convincing reasons for discrediting Plaintiff's subjective statements of
15   limitation.  It appears to the Court that this is an instance where further
16   administrative proceedings would serve a useful purpose and remedy defects.
17   Accordingly, this action must be remanded to allow the ALJ to properly consider
18   Plaintiff's subjective complaints of impairment and provide legally sufficient
19   reasons for rejecting Plaintiff's credibility, if the ALJ again determines rejection is
20   warranted.[10]

21   / / /
22   / / /
23   / / /
24   / / /
25   / / /
26
27   _____
28       [10] The Court expresses no view on the merits.

1

## IV.

## ORDER

Pursuant to sentence four of 42 U.S.C. § 405(g), IT THEREFORE IS ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security, and remanding this matter for further administrative proceedings consistent with this Memorandum Opinion.

Dated: August 16, 2013

HONORABLE OSWALD PARADA
United States Magistrate Judge

11