O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THELMA J. NICHOLS, | Case No. CV 12-9922-OP |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER GRANTING IN PART PLAINTIFF'S PETITION FOR EAJA FEES AND COSTS |
| CAROLYN W. COLVIN, Commissioner of Social Security, | |
| Defendant. | |

## I.

## **PROCEEDINGS**

On December 4, 2012, Thelma J. Nichols ("Plaintiff") filed a Complaint seeking review in this Court of the Commissioner of Social Security's decision denying Social Security benefits. (ECF No. 3.) On July 31, 2013, the parties filed a Joint Stipulation. (ECF No. 16.) On August 16, 2013, the Court issued a Memorandum Opinion and Order and Judgment ordering remand. (ECF Nos. 17, 18.)

On November 8, 2013, Plaintiff's counsel filed a Petition for Attorney Fees, Costs, and Expenses Under the Equal Access to Justice Act ("Fee Motion"), pursuant to 28 U.S.C. §§ 1920, 2412, seeking an award of attorneys' fees in the

amount of $4,056.47, and costs in the amount of $60.00, to be paid to the Law Offices of Lawrence D. Rohlfing. (Fee Mot. at 4.) On November 18, 2013, the Commissioner filed an Opposition to the Fee Motion. (ECF No. 20.) On November 27, 2013, Plaintiff filed a Reply to the Opposition. (ECF No. 21.) In the Reply, Plaintiff requests an additional $746.20 for four hours of attorney time incurred in preparing the Reply. (Id. at 8.)

## II.
## DISCUSSION

A.  **Legal Standards.**

The EAJA provides in pertinent part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

Thus, to award attorney's fees under the EAJA, the Court must determine that: (1) the claimant was the prevailing party; (2) the government has failed to show that its position was "substantially justified" or that special circumstances make the award unjust; and (3) the requested fees and costs are reasonable. Id. §§ 2412(d)(1)(A), (2)(A). The Supreme Court has held that the statutory phrase "substantially justified" does not mean "justified to a high degree." Pierce v. Underwood, 487 U.S. 552, 565, 108 S. Ct. 2541, 2550, 101 L. Ed. 2d 490 (1988). Rather, it means "justified in substance or in the main" or "justified to a degree that could satisfy a reasonable person." Id. The Supreme Court further held that this

interpretation of the phrase was equivalent to the formula adopted by the Ninth Circuit: "a reasonable basis both in law and fact." See id.; see also Le v. Astrue, 529 F.3d 1200, 1201 (9th Cir. 2008).

Furthermore, the position of the government "includes both the government's litigation position and the underlying agency action giving rise to the civil action." Meier v. Colvin, 727 F.3d 867, 870 (9th Cir. 2013); see also Corbin v. Apfel, 149 F.3d 1051, 1053 (9th Cir. 1998) ("While the government's defense on appeal of an ALJ's procedural error does not automatically require a finding that the government's position was not substantially justified, the defense of basic and fundamental errors such as the ones in the present case is difficult to justify."); Sampson v. Chater, 103 F.3d 918, 921-22 (9th Cir. 1996) (finding no substantial justification where the Commissioner "did not prove that her position had a reasonable basis in either fact or law" and "completely disregarded substantial evidence" of the onset of disability).

In this case, the Court found that the ALJ failed to provide clear and convincing reasons for rejecting Plaintiff's credibility. (ECF No. 17 at 6-10.) Specifically, the ALJ found (1) there was only "sparse medical evidence" showing no more than "highly infrequent visits, usually to address transitory problems"; (2) Plaintiff had not been taking her prescribed medications; and (3) Plaintiff's activities of daily living and self-employment led to a conclusion that Plaintiff was not credible. (Admin. R. at 28.) The Court disagreed and found these reasons were not clear and convincing, nor were they supported by substantial evidence of record.

Defendant contends that a 1998 case confirms that the parameters of the requirement of "specific findings" for an ALJ's credibility ruling are "not entirely clear," and, therefore, the ALJ's adverse credibility determination, and Defendant's decision to defend it, were reasonable. (Opp'n at 4 (citing Varney v. Sec'y of Health and Human Serv., 846 F.2d 581, 584 (9th Cir. 1988).) Defendant also

argues that because the reasoning given by the ALJ can sometimes justify rejection of credibility, and that there was "some substance" in the record to support the ALJ's decision, its decision to defend the action was justified. (Id.)

The Court agrees that the three reasons given by the ALJ are *sometimes* clear and convincing but disagrees with Defendant that the reasons given were clear and convincing in Plaintiff's case. As a result, contrary to the ALJ's description of the medical record as "sparse," the Court found that the record was not sparse; the Court also found no indication that Plaintiff was not taking her pain medications, and Defendant's attempt to obfuscate this issue by noting that Plaintiff admitted to never taking the nitroglycerin prescribed to be taken when she felt small amounts of chest pain (Opp'n at 5), is inapposite; and the ALJ's reasoning regarding Plaintiff's prior self-employment was based on factually incorrect findings.

In short, not only was the ALJ's decision not substantially justified, but Defendant has failed to meet its burden to substantially justify its litigation position. Thus, Plaintiff is entitled to an award of attorney's fees pursuant to the EAJA.

**B. The EAJA Award Should Be Paid Directly to Plaintiff's Counsel.**

The Supreme Court has held that an EAJA award is payable to the litigant, as opposed to the litigant's attorney, and is therefore subject to a Government offset to satisfy any pre-existing debt that the litigant owes the United States. See Astrue v. Ratliff, 560 U.S. 586, 130 S. Ct. 2521, 2522, 177 L. Ed. 2d 91 (2010). Accordingly, Defendant requests that, if any EAJA fees are awarded, the Court order the fees paid to Plaintiff, notwithstanding Plaintiff's assignment of any such fees awarded to her counsel. (Opp'n at 6-7; see also Fee Mot. Ex. 3.) Defendant does not contest the validity of the assignment contained in the fee agreement between Plaintiff and her counsel. (See Opp'n at 6-7.) Nor does Defendant contest the reasonableness of the fees.

The Court notes that many post-Ratliff cases, including some previously

4

decided by this Court, have respected such an assignment, finding that <u>Ratliff</u> does not preclude direct payment of the EAJA award to plaintiff's counsel. See, e.g., <u>Ray v. Colvin</u>, No. 2:11-cv-1610 DAD, 2013 WL 5673413, at *2 (E.D. Cal. Oct. 17, 2013); <u>Ramirez v. Colvin</u>, No. CV 12-53-9 RNB, 2013 WL 4039066, at *4 (C.D. Cal. Aug. 6, 2013) (citing cases and directing that attorney's fees, subject to any debt offset, be paid directly to plaintiff's counsel); <u>Castaneda v. Astrue</u>, No. EDCV 09-1850-OP, 2010 WL 2850778, at *2-3 (C.D. Cal. July 20, 2010) (concluding that in light of the assignment, the amount awarded, subject to any legitimate offset, should be paid directly to Plaintiff's counsel); <u>Perez v. Astrue</u>, No. EDCV 09-1837-OP, 2010 WL 2888989, at *2 (C.D. Cal. July 20, 2010); <u>Coffey v. Astrue</u>, No. C 11-01380 LB, 2013 WL 120030, at *4 (N.D. Cal. Jan. 8, 2013); <u>Palomares v. Astrue</u>, No. C-11-4515 EMC, 2012 WL 6599552, at *9 (N.D. Cal. Dec.18, 2012); <u>Booker v. Astrue</u>, No. 4:08-cv-097-SEB-WGH, 2010 WL 2771875, at *3 (S.D. Ind. July 13, 2010); <u>Martin v. Astrue</u>, No. 3:08-cv-1013-J-TEM, 2010 WL 2639566, at *2 (M.D. Fla. June 29, 2010); see also <u>Watson v. Astrue</u>, No. 08-950, 2010 WL 2903955, at *1 (W.D. La. July 19, 2010) (ordering that the EAJA fees be made payable to both plaintiff and counsel).

Based on the foregoing, the Court finds that the EAJA award should be made directly to Plaintiff's counsel, subject to an offset for any federal debt owed by Plaintiff.

C.  **Plaintiff Is Entitled to Fees for Preparation of the Reply.**

Plaintiff requests an additional EAJA award of $746.20 for the four hours of attorney time spent preparing the Reply. Plaintiff is entitled to be compensated for litigating fee issues. <u>Commissioner, I.N.S. v. Jean</u>, 496 U.S. 154, 160-66, 110 S. Ct. 2316, 110 L. Ed. 2d 134 (1990). The amount of time spent for which additional compensation is sought is not unreasonable or excessive for the work involved. Thus, the Court awards $746.20 in additional fees.

### D. Plaintiff Has Not Fully Substantiated the $60 Requested for Costs.

Plaintiff requested $60 in costs for "service of summons and complaint on agency, attorney general, and USA office." (Fee Mot. at 7-8; see also ECF No. 8 at 2 (proof of service of summons and complaint), 4).)

The Government contends that the $60.00 amount is unsupported as there is no receipt showing this cost was actually incurred. (Opp'n at 6.)

Plaintiff's counsel represents to this Court that the total request of $60 includes approximately $13.08 in charges to the U.S. Postal Service for certified mail,[1] and further asserts that the "private party charge of $17 per item is reasonable." (Reply at 6-7 (citing ECF No. 8 at 2, 4).) However, counsel provides no authority for the recovery of a flat fee for an in-house service as a cost.

Based on the foregoing, the Court will award $13.08 of the requested costs.

### E. Conclusion.

Based on the foregoing, the Court concludes that the fees in the total amount of $4,802.67, and costs in the amount of $13.08 shall be awarded.

---

[1] Counsel states that "[t]he proof of service . . . documents the total charge of $60.00 as including approximately $13.08 in charges paid to the U.S. Postal Service for certified mail." (Reply at 6.) What the proof of service actually says is: "I caused such envelope with postage thereon fully prepaid to be placed in the United States Mail . . . . The charge for service including the charges for certified mail (typically $13.08) is $60.00 as costs advanced on behalf of the plaintiff in this action." Although the Court considers this wording somewhat ambiguous, and although the United States Postal Service receipt attached to the proof of service (ECF No. 8 at 4) does not indicate the actual cost paid for sending the documents by certified mail, the Court will accept counsel's representation – as an officer of the Court – that the total cost actually incurred to send the documents in this matter was $13.08.

## III.
## ORDER

IT IS THEREFORE ORDERED AS FOLLOWS: (1) Plaintiff's EAJA Fee Motion is granted in part; (2) Plaintiff is awarded EAJA fees in the total amount of $4,802.67, and costs in the amount of $13.08; and (3) the Commissioner shall pay such EAJA fees, subject to any offset to which the Government legally is entitled, directly to Plaintiff's counsel.

DATED: February 6, 2014

HONORABLE OSWALD PARADA
United States Magistrate Judge